PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]

Before the Court is Plaintiff Todd Meyer's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 9). Plaintiff's Motion also includes a request for attorney's fees. Mot. at 18-19. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court DENIES Plaintiff's Motion to Remand.

I.   **Background**

A.   **Facts**

The following facts are drawn from Plaintiff's Complaint (Dkt. 1-1). Plaintiff brings this action on behalf of the former stockholders (the "Sellers") of Celtic Leasing Corporation ("Celtic"), formerly an equipment leasing company located in Irvine, California. Compl. ¶¶ 1, 3. In December 2012, the Sellers and MB Financial Bank, N.A. ("MB Financial") entered into the Stock Purchase Agreement ("SPA"). *Id.* ¶ 5. Under the SPA, the Sellers agreed to sell their stock in Celtic to MB Financial for an initial base purchase price, plus additional payments defined as Contingent Purchase Price

Consideration ("CPPC"). *Id.* ¶ 6. These CPPC payments would be paid from December 2012 through December 2022. *Id.* To safeguard the future CPPC payments, the SPA contains several requirements—e.g., that the purchaser conduct an annual accounting, that the purchaser will not take intentional action to diminish the CPPC, and so on. *Id.* ¶¶ 8-11.

In March 2019, Defendant Fifth Third Bank ("Defendant") acquired MB Financial, including MB Financial's rights and obligations under the SPA. *Id.* ¶ 13. Since the acquisition, Plaintiff contends that Defendant has breached the SPA, e.g., by diverting revenues, defaulting on CPPC payments. *Id.* ¶¶ 14-17. Plaintiff initiated arbitration proceedings with the American Arbitration Association to recover approximately $15 million stemming from these breaches. *Id.* ¶ 18.

### B.      Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on September 6, 2019 (Dkt. 1-1). Plaintiff brings the following causes of action:

(1) specific performance; and

(2) injunctive relief.

*See generally* Compl. Defendant removed the action to this Court on September 20, 2019 ("Notice of Removal") (Dkt. 1). Plaintiff filed the instant Motion to Remand on October 17, 2019. On October 28, 2019, Defendant filed a brief in Opposition (Dkt. 15), and Plaintiff filed its Reply (Dkt. 24) on November 4, 2019.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

(emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so

taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148-49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III. Discussion

Plaintiff argues that this removal was improper because (1) the forum selection provisions in the SPA give him the exclusive choice to bring suit in state or federal court, and thus disallow removal; and (2) the Court does not have subject matter jurisdiction because the amount-in-controversy requirement is not satisfied. Defendant disagrees with Plaintiff's interpretation of the SPA and contends that the requested relief is worth more than $75,000. The Court addresses each argument in turn.

### A. The Forum Selection Clauses Do Not Give Plaintiff the Exclusive Right to Choose the Forum for Suit

Under Ninth Circuit precedent, "[f]orum selection clauses are *prima facie* valid," and federal law governs their interpretation. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513-14 (9th Cir. 1988). It therefore falls to the Court to interpret the forum selection clauses in the SPA and determine whether the SPA allocates exclusive control over the forum to Plaintiff.

The forum selection clauses of the SPA are found in sections 10.07(b) and 10.07(c). Section 10.07(b) provides, in relevant part:

> Each Party irrevocably agrees that any action or proceeding seeking temporary or preliminary injunctive relief arising out of or relating to this Agreement . . . instituted by Sellers' Agent [i.e., Plaintiff] under Section 7.10(d) shall be brought and determined in Orange County, California (or if such court lacks subject matter jurisdiction, in any appropriate state or federal court located in the State of California). Each Party hereby irrevocably submits to the exclusive jurisdiction of the aforesaid courts for itself and with respect to its property, generally and unconditionally, with regard to any such action or proceeding arising out of or relating to this Agreement and the transactions contemplated hereby.

Stock Purchase Agreement, Dkt. 9-3, Ex. 1, at 45. And pursuant to section 10.07(c), "Sellers' Agent, as applicable, shall have the right to, and shall be permitted to, seek and obtain temporary or preliminary injunctive relief . . . from a California state or federal court to enforce the terms of Section 7.10, in each case in aid of arbitration." *Id.* at 46.

      This language lends no support to Plaintiff's contention that the SPA grants Plaintiff the "absolute right" to select the forum for this suit. Plaintiff identifies several cases in which forum selection clauses were held to bind the defendant to the plaintiff's choice of forum. Mot. at 12-14. Each of these cases, however, involved much more binding language than those in the SPA. Here, there is no language to the effect that Defendant will accede to Plaintiff's choice of forum; rather, the parties are only required under section 10.07(b) to submit "to the exclusive jurisdiction" of a court in Orange County, California (or, if need be, to another California court). Similarly, section 10.07(c) permits Plaintiff to seek relief in "a California state or federal court," without binding Defendant to Plaintiff's choice between the two. Simply put, nothing whatsoever in this language supports the conclusion that the SPA strips Defendant of the option to remove the case, should Plaintiff file in state court.

      Nor does the reference to "Orange County, California" necessitate the inference that the Orange County Superior Court has exclusive jurisdiction over Plaintiff's suit. The Ninth Circuit has distinguished between forum selection clauses that refer to the courts "of" a state, county, etc. and those that specify the courts "in" a state, county, etc. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011). The former is a *jurisdictional* demarcation; thus, "the courts of Virginia" was held to refer to Virginia state courts. By contrast, "in" establishes a *geographic* limitation, and therefore includes

both the state and federal courts in that location. *Id.* at 1205-07. This Court, of course, is within the borders of Orange County, and as such is a permissible forum under the SPA.

The Court therefore concludes that sections 10.07(b) and 10.07(c) of the SPA allow suit in this Court and do not restrict Defendant's ability to remove the case.

### B. Defendant Has Met Its Burden to Show That the Amount in Controversy Exceeds $75,000

As stated above, Defendant must show by a preponderance of the evidence that the amount in controversy is greater than $75,000. Defendant's Opposition offers robust evidence to that effect. For one, the specific performance sought by Plaintiff would include a payment of at least $87,854.22. Opp'n at 23. The value of Plaintiff's injunction could potentially be in the millions, *id.* at 25-26, and it could also cost Defendant hundreds of thousands of dollars, *id.* at 26-27. While Defendant has not proven the amount in controversy to the point of certainty, it has certainly shown that it is more likely than not that the requested relief will exceed $75,000.

Given that Defendant's burden is met, it falls to Plaintiff to demonstrate that recovery of $75,000 or less would be a legal certainty. Plaintiff fails to do so, arguing only that the value of the injunction sought is uncertain, Mot. at 17, and that Defendant will only be able to cross the $75,000 threshold by running up Plaintiff's attorney's fees, Reply at 8-10. The Court, however, finds that Defendant meets its burden even if attorney's fees are ignored, and Plaintiff's meager assertions come nowhere close to the legal certainty needed to secure a remand.

Because the Court is satisfied that it is more likely than not that the value of the requested relief exceeds $75,000 (and because the parties are diverse), the Court finds that removal was proper.

### IV. Costs and Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly

foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

Because removal was proper, the Court finds, obviously, that Plaintiff's request for attorney's fees must be denied.

## V.    Disposition

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.